Ruffin, C. J.
 

 It is unnecessary to consider the various matters stated in Otey’s answer, that might affect the merits of the controversy, as between him and the other parties, as it is impossible there can be any decree for the plaintiffs on this bill. It seems to have been drawn upon some vague sort of notion, that the firms are in the nature of corporations, and that one of them might have a decree against the other, as firms. Still, it does not pray that payment of the debt to John C. Rogers and company shall be decreed out of the effects of Rogers and Otey: for it does not allege, that there are such effects, and, on the contrary, it looks behind the names of the firms to the persons, who compose them, and seeks a decree, that John C. Rogers and Walter L. Otey, who constitute “Rogers and Otey,” shall pay the debt to the same John C. Rogers, Hugh Rogers, and George W. Lowe, who constitute “John C. Rogers and Co.” The bill therefore involves the absurdity of a man’s having a personal decree against himself for a sum of money; and that, too, coupled with a decree against another person, in such a manner as to enable the supposed creditors to
 
 *33
 
 raise the whole debt out of this latter person, although, as between that person and his partner (who is also a partner in the other firm) it might appear, upon taking the accounts of their firm, that the latter holds' the fund out of which the debt ought to be paid, Without taking the accounts of the partnership of John- C. Rogers, and Co., it cannot be told whether the partners, Hugh Rogers and Lowe, have a right to more of the, assets of that firm, or could call even on John C. Rogers to make good this debt. And without taking the accounts of-Rogers and Otey, it cannot be told which of those two persons, as between themselves, ought to pay the debt. Now, under this bill, none of those accounts are sought or can be taken, for it is a.bill, which supposes the two firths to be yet subsisting and to be, as well as the individual'partners, all solvent. Supposing that to be so, and that this debt is justs it is easy for the persons composing 'John C. Rogers and Co, to redress themselves. John Q. Rogers himself might appropriate the assets of Rogers and Otey to the payment of John C. Rogers and Co. He may be charged with this debt on the books of John O. Rogers’ and Co , and that will enable him to a credit for that amount with Rogers and Otey. If Otey will not consent, to it, there is the alternative, when partners disagree of dissolving and filing a bill to take the accounts, upon which the debts must all be first paid. If, however, John C. Rogers should refuse to become paymaster to John C Rogers 4* Co., or be already so far a debtor to that firm, that the other members, Hugh Rogers and Lowe, are unwilling to take him alone for the debt of Rogers and Otey, then their course is to stop their business, and upon the settlement of it, this debt of Rogers & Otey will, as a part of the assets, be allotted to one of the partners in his share, and.he.can have relief on his own bill. But in the present state of things, the Court does not see, nor can the accounts’be taken that will'enable the Court to see, who is-the proper person to
 
 *34
 
 pay and to receive this money. It may be, that John C. Rogers is the hand, in the firm of Rogers and Otey. from which the money ought to go, and also that in the other firm, which ought to hold it. There can therefore, be no decree for the plaintiffs. Not one against Otey alone ; because no several liability on his part is alleged, nor any thing to exempt John C. Rogers, from paying, or contributing to payment of, the debt. And not one against Rogers by himself, or jointly with Otey ; because it would be to pay to John C. Rogers himself, jointly with others, and for that reason would be repugnant, absurd, and void.
 

 Per Curiam.
 

 Bill dismissed with costs.